Boston Locomotive Works agt. Wright and others.

----◄●●►----

# SUPREME COURT.

## THE BOSTON LOCOMOTIVE WORKS agt. HIRAM WRIGHT, WILLIAM H. RITTER and others.

In an action or defence founded upon a written instrument for the payment of money only, where such instrument is in the possession of the agent or attorney of the party, the agent or attorney who *verifies* the pleading (under § 157 of the Code,) must state that he has possession of the instrument described in the pleading, that it is inconvenient for any, or some reason, (to be stated,) to procure the verification of the party : and also, what knowledge he has, if any, or grounds to believe that the written instrument is genuine, as that he knows the signature of the party, or he has admitted it, or any other appropriate fact on the subject. A very slight reason will obviously suffice.

But in the large class of actions and defences not founded upon written instruments, for the payment of money, provision is made aside from the verification of the pleadings by the party, in that portion of § 157, which reads, "or if all the material allegations of the pleading be within the personal knowledge of the agent or attorney."

Under this clause, general or special agents of any party, having actual personal knowledge of the matter stated or alleged in the pleading, may in all cases verify the same, to the same effect as the party.

But in making such verification, the agent or attorney must show, or state his character as agent, the nature of his agency, so as to show that his knowledge grew out of, or pertained to his business or trust, and must state his knowledge, or the grounds of his belief in respect to the allegations of the pleading, and why it is not made by the party.

Because one man is agent for some purposes for another, he is not thereby qualified to verify all complaints or answers for such principal. However convenient it might be in practice under the Code, an agency to verify pleadings will hardly answer.

The verification of the answer by the agent in this case was held defective on two

grounds: 1st. It did not show in what way or to what extent he was agent, or for what purpose. 2d. That the agent did not profess to have any knowledge, or did not state any, in respect to the "material allegations of the pleading."

A *party* in this class of actions, may verify a pleading upon *information* and *belief*, but the verification at all by an *agent*, depends upon the fact that "all the material allegations of the pleading are within his personal knowledge." And this is so, although the party and his attorney or agent reside in different counties.

*Monroe Special Term, September,* 1857.

MOTION to set aside judgment, in an action upon a promissory note, against the makers and indorsers. The makers put in an answer upon information and belief, denying that the plaintiffs were duly incorporated, and alleging that the plaintiffs were not the owners of the note described in the complaint, but the same belonged to one Van Keuren. The answer was verified in due form by the defendants Wright and W. H. Ritter, and by the said Ritter, for the co-defendant Michael Ritter, as follows : " And the said Ritter further says, that he is agent for Michael Ritter, and has the charge of said Michael Ritter's business in said county ; that said Michael Ritter does not reside in, and is not now within said county of Monroe ; and that this deponent is more familiar with the matter upon which this action is founded, than the said Michael Ritter ; deponent's knowledge, information and belief therein, being founded in communications with the plaintiff's attorney and others ; and that it is, for the same reason above mentioned, that this complaint is not verified by the said Michael Ritter, in person."

The plaintiff had given notice that the verification was insufficient and had disregarded it, and entered judgment against Michael Ritter. This judgment the defendant now moves to set aside.

F. A. WHITTLESEY, *for defendant.*
W. F. COGSWELL, *for plaintiff.*

E. DARWIN SMITH, Justice. Section 157 of the Code is not

particularly perspicuous. Its provisions have given occasion for considerable diversity of construction. It was a cardinal policy with the codifiers to secure the utmost practicable simplicity in pleading. That object they justly considered would be greatly promoted by requiring all pleadings to be verified. In this section they sought to contrive a form of verification, which should possess sufficient amplitude to meet the numerous exigencies of legal proceedings, and be adapted alike to enforce equitable and common law rights. A verification by the party would, of course, always be sufficient. But this in many cases, would be impracticable or inconvenient, in respect certainly to the many common law rights of action, all to be embraced under one form or mode of proceeding. The rule of requiring a verification by the party was, therefore, relaxed or departed from, in two instances. 1st. " Where the action or defence was founded upon a written instrument for the payment of money only, and such instrument was in the possession of the agent or attorney of the party."

This provision was obviously designed to allow attorneys intrusted with the collection of bills of exchange, promissory notes, and other money demands in writing, to commence suits on such demands, and verify the complaint, and so of defences to suits upon such written instruments, in like manner to verify the answer.

The only restraint upon this absolute right of the attorney to verify the complaint or answer, in all the cases above mentioned, is contained in the next paragraph of this section, " that when the pleading is verified by any other person than the party, he shall set forth in the affidavit, his knowledge, or the grounds of his belief on the subject, and the reason why it is not made by the party."

Under this paragraph of the section, the attorney verifying a pleading must state that he has possession of the written instrument described in the pleading ; that it is inconvenient, for any or some reason, to procure the verification of the party, and also what knowledge he has, if any, or ground to believe that the written instrument is given, or that he knows the sig-

nature of the party, or he has admitted it, or any other appropriate fact on the subject.  A very slight reason will obviously suffice.

Thus provision is made for the verification of pleadings, setting up or counting upon a written instrument, for the payment of money in all cases, by the *party* or his *attorney*.

2d.  But there is a large class of actions and defences, not founded upon written instruments, for the payment of money. Provision is made for this class of actions, aside from the verification thereof by the party, in the following portion of the section, " *or if all the material allegations of the pleading be within the personal knowledge of the agent or attorney.*"  Under this clause of the section, general or special agents of any party, having actual personal knowledge of the matters stated or alleged in the pleading, may in all cases verify the same, to the same effect as the party.

But in making such verification, the agent or attorney must show or state his character as agent, the nature of his agency, so as to show that his knowledge grew out of or pertained to his business or trust, and must state his knowledge, or the grounds of his belief, in respect to the allegations of the pleading, and why it is not made by the party.  In this case, the verification, I think, is defective upon two grounds, 1st. It does not show in what way or to what extent, W. H. Ritter was agent of Michael Ritter, or for what purpose.  The affidavit states, that W. H. Ritter had charge of all the business of Michael Ritter in this (Monroe) county, but what business had Michael Ritter in this county ?  Had he any other business than the defence of this suit, and if so, what was it ?  Was it any business connected with the matter in question in this suit, or out of which the action arose, or which in any degree qualified the said agent to verify such answer ?  The agency obviously must have some relation to the subject matter of the suit, or the matter in dispute, to bring the case within the terms or intent of this statute.  The agency must be such a one as would ordinarily bring " all the material allegations of the pleading within the personal knowledge of the agent or attor-

Boston Locomotive Works agt. Wright and others.

ney," where the agent in the transactions in question, was really a substitute for his principal, when he was a party in fact, to the matters in controversy, and had personal knowledge thereof.

Because one man is agent for some purposes for another, he is not thereby qualified to verify all complaints or answers for such principal. An agency to verify pleadings will hardly answer. Many men, perhaps, would take such an agency and attempt to fulfil it, but the court cannot sanction such agencies. The party, or a real agent or attorney in fact, in respect to the subject matter, must verify pleadings. Another objection to this verification, is, that W. H. Ritter, the agent, does not profess to have any knowledge, or does not state any, in respect to the " material allegations of the pleading."

He states that " he is more familiar with the matters upon which this action is founded, than the said Michael Ritter." This may be without possessing any knowledge on the subject, at least it is not an assertion that " all the material allegations of the pleadings are within his personal knowledge." Connected with the answer, in which the allegations are upon information and belief, it entirely fails to meet the requirement of the statute. A *party* may verify a pleading upon information and belief, but when the agent comes to make the verification, his qualification to verify it at all, his power of attorney to serve for his principal, depends upon the fact that " all the material allegations of the pleading are within his personal knowledge," unless the action or defence is upon a written instrument for the payment of money, as above stated. The legislature did not intend to make this verification of pleadings a mere idle formality. They intended to secure *truth* in pleading, and to require the parties to actions to state their cause of action or defence according to the actual facts, and to assume, in this particular, their proper legal responsibility in respect to such pleadings. It was urged on the argument, that the party and his attorney residing in different counties, the answer might be verified upon information and belief by the attorney or agent. I cannot agree that the stat-

ute may be evaded in that way. If by employing an attorney in a county different from that of his own residence, a party might evade the verification of pleading, many would resort to that expedient. When a defendant could not deny the allegations of a complaint, he would employ some attorney in a neighboring county to defend the suit, and make the requisite verification upon information and belief. The only cases where attorneys and agents can verify pleadings, are those specified in the section as above stated. The fact that the party resides in another county, is a proper matter of excuse, to be specified as one of the reasons why the verification is made in those cases, by the attorney or agent.

The motion must be denied, with $7 costs.